# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7836 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Diane Phillips vs. Methodist Youth Services, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court again concludes that plaintiff has not stated any viable federal claim. The Court denies her leave to file her proposed amended complaint and directs the Clerk to enter judgment against plaintiff.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

On 4/11/12, the Court dismissed plaintiff Diane Phillips' complaint and said it would enter final judgment against her unless she filed a proposed amended complaint that stated a viable federal claim. Ms. Phillips has filed a document called "amended complaint" that the Court has now reviewed.

1.      The Court determined that Ms. Phillips had failed to exhaust administrative remedies on her national origin discrimination charge. In her filing, Ms. Phillips has accepted this ruling. Pl.'s Am. Compl. at 2-3.

2.      The Court dismissed Ms. Phillips' claims of disability discrimination under the Rehabilitation Act and the Americans with Disabilities Act. Ms. Phillips alleges that defendant MYSI receives federal funding and thus is subject to liability under the Rehabilitation Act. But that does not save her disability discrimination claims. In her amended complaint, Ms. Phillips expressly concedes that defendants were unaware of her claimed disability. *See* Pl.'s Am. Compl. at 6. An employer that is unaware of a prospective employee's disability cannot be liable for discriminating based on disability. *See, e.g., Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995).

3.      Ms. Phillips has not stated a viable claim of retaliation. All she alleges is that MYSI repeatedly cancelled interviews with her. But to be liable for retaliation, an employer (or prospective employer) must be aware that the plaintiff has engaged in protected activity. *See, e.g., Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 658 (7th Cir. 2012). Ms. Phillips makes no such allegation.

4.      Finally, Ms. Phillips disputes the Court's determination that her remaining discrimination claims are deficient because they consist only of bare conclusions unsupported by any factual allegations. The Court disagrees. In any event, Ms. Phillips' amended complaint contains an admission that demonstrates the infirmity of her discrimination claims. Specifically, she alleges that she was never even interviewed for the

**STATEMENT**

positions she sought with MYSI. *See* Pl.'s Am. Compl. at 6. With that in mind, all Ms. Phillips has to support her claims is bare speculation. It is insufficient for her merely to allege that she applied for a job, was not interviewed, was not hired, and believes that the prospective employer had a discriminatory motivation.

For these reasons, the Court concludes that, once again, Ms. Phillips has not stated any viable federal claim. The Court denies her leave to file her proposed amended complaint, because to do so would be futile, and directs the Clerk to enter judgment against her.